IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BJØRN ERIK HAAPANIEMI, f/k/a PETER LEE NORRIS, f/k/a PETER LEE BJØRN NÖRRIS,<br><br>    Defendant. | Case No. 3:19-cr-00078-RRB<br><br>**ORDER** |

Before the Court are Defendant's companion motions at Dockets 206 and 207. The Court accepted these motions for docketing only for the limited purpose of addressing Defendant's past and any future motions pursuant to 28 U.S.C. § 2255.

**I.    Background**

On July 17, 2019, the United States filed an Indictment alleging Defendant committed one count of Stalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(6), and two counts of Mailing Threatening Communications, in violation of 18 U.S.C. § 876(d).[1] Defendant entered a guilty plea on Counts 1 and 3 of the Indictment, pursuant to a plea agreement.[2] In a subsequent proceeding, the Court dismissed Court 2 and

---

[1] Docket 2.
[2] Dockets 35, 38, 43.

sentenced Defendant on Counts 1 and 3 to a total term of 108 months imprisonment with the Bureau of Prisons.[3]

Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("First Motion").[4] The Court referred the Motion to the Federal Public Defender for the District of Alaska;[5] however, Defendant elected to proceed pro se.[6] Defendant alleged four separate grounds for relief. First, his conviction on Count 3 violated the free speech clause of the First Amendment.[7] Second, Count 1 should have been dismissed "and I should have been charged under Count 2."[8] Third, the criminal complaint "was comprised of snippets from multiple letters" and "no threats of bodily harm [were] ever made[.]"[9] Lastly, Defendant asserted that he was subject to illegal transport from Arizona to Alaska without a detainer.[10] Defendant's requested relief stated:

> I am primarily contesting my rights in Count 3 for using vague language. I either wish it dropped, or made concurrent to Count 1. I also wish a second judge to review this case—feel first one 'poisoned' by errant presentation. I do not <u>want</u> another judge. I want a consortium of two.[11]

---

[3] Docket 101 at 2 (running Defendant's term of imprisonment consecutively to case CR2009-007808-001 in the Superior Court of Arizona).
[4] Docket 111.
[5] Docket 114.
[6] Docket 122.
[7] Docket 111 at 4.
[8] *Id.* at 5.
[9] *Id.* at 7.
[10] *Id.* at 8.
[11] *Id.* at 12.

*United States v. Haapaniemi*  Case No. 3:19-cr-00078-RRB
Order  Page 2
Case 3:19-cr-00078-RRB-MMS   Document 211   Filed 01/27/23   Page 2 of 7

The Government opposed Defendant's First Motion on the grounds that Defendant waived his rights to collaterally attack his conviction, thereby making the First Motion meritless.[12] Specifically, the Government relied on the following language from Defendant's Plea Agreement:

> C. Collateral Attack Rights
>
> The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence - including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution - the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

and excerpts from Defendant's change of plea hearing.[13] Additionally, the Government addressed the merits of Defendant's three primary arguments, demonstrating how all were precluded by the Plea Agreement and Defendant's own admissions at the change of plea hearing.[14] The Court adopted the Government's reasoning and denied Defendant's First Motion Under 28 U.S.C. § 2255 at Docket 126 on September 23, 2021.

---

[12] Docket 124.
[13] Docket 124 at 2–6; *see also* Docket 35 at 16.
[14] Docket 124 at 7–10. The Court notes that Government did not address Defendant's argument on detainer. However, it is well-settled by the United States Supreme Court and the Ninth Circuit Court of Appeals that a Defendant's valid guilty plea waives pre-plea constitutional violations. *United States v. Chavez-Diaz*, 949 F.3d 1202, 1206 (9th Cir. 2020) (relying on *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

*United States v. Haapaniemi*  Case No. 3:19-cr-00078-RRB
Order  Page 3
Case 3:19-cr-00078-RRB-MMS   Document 211   Filed 01/27/23   Page 3 of 7

Subsequently, Defendant filed a litany of pro se motions, notices, and letters.[15] In the interest of justice and judicial economy, the Court ordered that no further filings would be accepted without the Court's permission, excepting a procedurally compliant motion pursuant to 28 U.S.C. § 2255.[16] Defendant filed another Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Second Motion"), shortly thereafter.[17] The Government opposed the Second Motion.[18] Defendant moved to withdraw the Second Motion, which was granted by the Court.[19] The Court's Order granting the withdrawal noted that the Government's opposition correctly asserted that Defendant's Second Motion required leave the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h).[20]

Defendant filed a third Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Third Motion") on May 16, 2022. The Court denied the Third Motion as second or successive and provided Defendant guidance on seeking leave from the Ninth Circuit Court of Appeals.[21]

Defendant now seeks reconsideration of the Court's Order denying the Third Motion and a Certificate of Appealability.[22]

---

[15] See Dockets 127–129, 132–141, 143–148, 150–156, 158–164, 166.
[16] Docket 167 at 2–3.
[17] Docket 176.
[18] Docket 179.
[19] Dockets 186, 190.
[20] Docket 190 at 2.
[21] Docket 204.
[22] Dockets 206, 207.

**II.     Defendant's "Request for Leave to Reconsider Refile of 2255 in Dkt. 201–203 Based on Included Judge Order (Att.)."**

At Docket 206, Defendant requests the Court to reconsider its denial of Defendant's Third Motion. Defendant argues that per the Court's orders at Docket 167 and in 3:21-cv-00267-RRB at Docket 5, the Court instructed Defendant to file a procedurally correct motion pursuant to 28 U.S.C. § 2255 to obtain any prospective relief.[23]

The Court recognized its prior error at Docket 190 and again at Docket 204. The Court is bound by federal statute and cannot unilaterally permit a second or successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[24] Defendant must obtain leave from the Ninth Circuit Court of Appeals in accordance with the statutory procedures of 28 U.S.C. §§ 2244 and 2255(h).

Accordingly, the Court declines to reconsider its decision at denying Defendant's Third Motion at Docket 204.[25]

**III.    Defendant's "Application for Certificate of Appealability Fed. R. App. P. 22(b)(1)."**

28 U.S.C. §2253 requires that an appeal may not be taken from "the final order in a proceeding under section 2255" unless a district or circuit judge issues a certificate of appealability ("COA") specifying what issues a petitioner may pursue on appeal.[26] A COA serves as a gatekeeping mechanism that prevents courts of appeals from

---

[23] Defendant filed a motion pursuant to 28 U.S.C. § 2255 in the U.S. District Court for the Western District of Texas, which was transferred to this district on November 30, 2021, resulting in Case No. 3:21-cv-00267-RRB.
[24] 28 U.S.C. §§ 2244, 2255(h).
[25] Local Civil Rule 47.1(g).
[26] 28 U.S.C. § 2253(c).

*United States v. Haapaniemi*  Case No. 3:19-cr-00078-RRB
Order                                                                                          Page 5
Case 3:19-cr-00078-RRB-MMS   Document 211   Filed 01/27/23   Page 5 of 7

considering frivolous issues, "while at the same time protecting the right of the petitioners to be heard."[27] A COA may only issue if the applicant has made a substantial showing of a constitutional right.[28] The United States Supreme Court defines this to mean that a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[29] The Ninth Circuit Court of Appeals has elaborated on this standard to require that an application "must show that 'jurists of reason could disagree with the district court's resolution of his [case] or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"[30]

Defendant's First Motion did not present viable constitutional claims or wrongs, because Defendant's claims were waived pursuant to his Plea Agreement. Defendant did not make a substantial showing of a constitutional right that this Court could have considered. Accordingly, Defendant has not demonstrated that reasonable jurists would find this decision debatable or wrong. The Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED:**

1. Defendant's "Request for Leave to Reconsider Refile of 2255 in Dkt. 201–203 Based on Included Judge Order (Att.)" at Docket 206 is **DENIED**.

---

[27] *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000); *accord Gonzalez v. Thaler*, 565 U.S. 134, 145 (2012) (explaining "The COA process screens out issues unworthy of judicial time and attention and ensures that frivolous claims are not assigned to merits panels.").
[28] 28 U.S.C. § 2253(c)(2).
[29] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
[30] *Mitchell v. United States*, 971 F.3d 1081, 1083 (9th Cir. 2020) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

2. Defendant's "Application for Certificate of Appealability Fed. R. App. P. 22(b)(1)" at Docket 207 is **DENIED**.

3. No additional motions for reconsideration will be considered.

4. No additional motions pursuant to 28 U.S.C. § 2255 will be considered, unless they include an order from the Ninth Circuit Court of Appeals permitting a second or successive motion in accordance with 28 U.S.C. §§ 2244, 2255(h).

5. Defendant may petition the Ninth Circuit Court of Appeals for a certificate of appealability, as well as permission to file a second or successive 28 U.S.C. § 2255 motion.

IT IS SO ORDERED this 27th day of January, 2023, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*United States v. Haapaniemi*　　　　　　　　　　　　　　　　　　　　Case No. 3:19-cr-00078-RRB
Order　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7
Case 3:19-cr-00078-RRB-MMS　Document 211　Filed 01/27/23　Page 7 of 7