IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>BJØRN ERIK HAAPANIEMI, f/k/a PETER LEE NORRIS, f/k/a PETER LEE BJØRN NÖRRIS,<br><br>                Defendant. | Case No. 3:19-cr-00078-RRB<br><br>**ORDER REGARDING ATTEMPTED FILINGS** |

Before the Court is a voluminous set of attempted filings by Defendant. The Court has reviewed the filings, per the Court's Order at Docket 167. Accordingly, the Court finds:

      1.    Defendant's attempted filing received June 21, 2022, does not comply with the Order at Docket 167. The Court disapproves and denies the docketing of "Notice of Defendants Release Plans (Due to Designation to Crap USA:)." The attempted filing contains profanity. A copy has been provided to the United States Probation Office.

      2.    Defendant's attempted filing received August 1, 2022, does not comply with the Order at Docket 167. Per the Court's prior Order at Docket 204 and federal statute, only a filing that contains an Order from the Ninth Circuit granting permission to pursue a second or successive motion pursuant to 28 U.S.C. § 2255 is

appropriate. The Court disapproves and denies the docketing of "Submission of Copy of Filing to 9th Circuit Court on Second 2255 Motion/Request."

3. Defendant's attempted filing received August 9, 2022, does not comply with the Order at Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Request for Specific Documents for Purposes of Post-Conviction."

4. Defendant's attempted filing received August 15, 2022, does not comply with the Order at Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Motion to Compel Sentencing Atty to Address Defendant to Solve Sentencing Issues He Caused."

5. Defendant's attempted filing received August 18, 2022, does not comply with the Order at Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Motion to Compel Public Defender Office/CJA to Respond to Defendant at Issue."

6. Defendant's attempted filing received August 22, 2022, does not comply with the Order at Docket 167. The attempted filing contains derogatory and profane language. The Court disapproves and denies the docketing of "Motion to Compel Public (Federal) Defender to Respond to Outstanding Issue."

7. Defendant's attempted filing received August 22, 2022, does not comply with the Order at Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Invitation to DOJ + Court for Informal

*United States v. Haapaniemi*  Case No. 3:19-cr-00078-RRB
Order Regarding Attempted Filings  Page 2
Case 3:19-cr-00078-RRB-MMS   Document 212   Filed 01/27/23   Page 2 of 10

Telephonic Conference for them to do 'Damage Control.'" A copy has been provided to the United States Probation Office.

8. Defendant's attempted filing received August 25, 2022, does not comply with the Order at Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Request to Transfer Administration of Case to Home District at Issue." A copy has been provided to the United States Probation Office.

9. Defendant's attempted filing received August 25, 2022, does not comply with the Order at Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Petition to Compel Poulson, Cavanaugh, or Officer of Fed Defender Office to Correct Incorrect (by them) Walsh Act entry in BOP/PSR."

10. Defendant's attempted filing received August 25, 2022, does not comply with the Order at Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Update to Court on Status of (State) Defendants Filed Case on Parties this Court Used as 'Convenient Diversion.'"

11. Defendant's attempted filing received August 26, 2022, does not comply with the Order at Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Notice of Subjects of Evidentiary Hearing Requested on Judicial Bias per 28 U.S.C. § 144, and 255."[1]

---

[1] The Court finds this to be a frivolous filing and is procedurally flawed pursuant to 28 U.S.C. § 144. Section 255 applies to Court of International Trade. Further, the attempted filing does not present any elements that would cause the Court to consider recusal pursuant to 28 U.S.C. § 455. *See also United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1200–01 (E.D. Cal. 2010) (noting that a judicial officer has an "an equally compelling obligation not to recuse where recusal [is] not appropriate.").

*United States v. Haapaniemi*     Case No. 3:19-cr-00078-RRB
Order Regarding Attempted Filings     Page 3
Case 3:19-cr-00078-RRB-MMS    Document 212    Filed 01/27/23    Page 3 of 10

12. Defendant's attempted filing received August 26, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Petition for Writ of Mandamus in Re: Attached Petition to Compel Judge to Recuse/Reassign to New District."[2]

13. Defendant's attempted filing received August 29, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Writ of Mandamus to Compel Request for Admission Previously Denied—(In Re: Fed. Civ. P. 36(a)(1)(C)."

14. Defendant's attempted filing received September 2, 2022, does not comply with Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Submission of Request for Admission/Petition—Motion to Compel Doc. Production."

15. Defendant's attempted filing received September 26, 2022, does not comply with Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Omnibus Request Misc. Relief—Re: Now Conceded Altered Documents, Shambeck, Doc. 167."

16. Defendant's attempted filing received September 26, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Notice of Report of Counsel to Bar on Violation of Ethics."

---

[2] The attempted filing is frivolous. 28 U.S.C. § 1361; *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003); *Benny v. U.S. Parole Comm.*, 295 F.3d 977, 898 (9th Cir. 2002).

*United States v. Haapaniemi*  Case No. 3:19-cr-00078-RRB
Order Regarding Attempted Filings  Page 4
Case 3:19-cr-00078-RRB-MMS   Document 212   Filed 01/27/23   Page 4 of 10

17. Defendant's attempted filing received September 30, 2022, does not comply with Docket 167. The attempted filing contains derogatory language and profanity. The Court disapproves and denies the docketing of "Petition to Quash Doc. 167/Notice of Events Regarding Document Tampering and Creation (Defense Atty + AUSA) in Bar Investigation (AK)."[3]

18. Defendant's attempted filing received September 30, 2022, does not comply with Docket 167. The attempted filing contains derogatory language and profanity. The Court disapproves and denies the docketing of "Request for Sua Sponte Dismissal of Individual Protective Order Already in Place Prior in AZ—(Redundant)."[4]

19. Defendant's attempted filing received November 3, 2022, does not comply with Docket 167. The Court cannot produce Arizona state court documents or other unidentified documents sent after Docket 167. The Court disapproves and denies the docketing "Request for 2 Documents—Request for Order for Cavanaugh to Cease/Desist Harassing Texts."

20. Defendant's attempted filing received November 3, 2022, does not comply with Docket 167. The attempted filing contains profanity and derides the Court. The Court disapproves and denies the docketing of "Motion/Petition for Modification Sua Sponte Dismissal of Issued Protective Order in Case Above."

---

[3] The Court declines to reconsider the Order at Docket 167. Local Criminal Rule 47.1(g); 28 U.S.C. § 2255(h).
[4] The Court declines to reconsider the Protective Order at Docket 13 and the No-Contact Orders at Dockets 14 and 110. Local Criminal Rule 47.1(g).

United States v. Haapaniemi　　　　　　　　　　　　　　　　　　　　　　Case No. 3:19-cr-00078-RRB
Order Regarding Attempted Filings　　　　　　　　　　　　　　　　　　　　　　　　Page 5
Case 3:19-cr-00078-RRB-MMS　　Document 212　　Filed 01/27/23　　Page 5 of 10

21. Defendant's attempted filing received November 3, 2022, does not comply with Docket 167. The attempted filing contains profanity and derides the Court. The Court disapproves and denies the docketing of "Omnibus Motion to Compel Action on Previous Filings (Remove Biased Judge, Dismiss Doc. 167, Modify Prot. Order to Remove Individual Already Named in Order (AZ)."

22. Defendant's attempted filing received November 3, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Writ of Mandamus in Re: Removal of Bias Judge (The Previous Writ Buried by Same Judge)."

23. Defendant's attempted filing received November 7, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Notification to Court of Action Regarding AUSA/Defense Atty Altered/Forged/Created Documents."

24. Defendant's attempted filing received November 14, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Motion to Reconsider 2255 Motion in Doc. 126 Decision Based on Now Demonstrated AUSA + Defense Atty Misconduct."[5]

25. Defendant's attempted filing received November 14, 2022, does not comply with Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Notice of Updated Info on Immigration – Petition to Request Action Under 8 USC 1229 As Result."

---

[5] The Court declines to reconsider its Order at Docket 126. Local Civil Rule 47.1(g); 28 U.S.C. § 2255(h).

*United States v. Haapaniemi*  Case No. 3:19-cr-00078-RRB
Order Regarding Attempted Filings  Page 6
Case 3:19-cr-00078-RRB-MMS   Document 212   Filed 01/27/23   Page 6 of 10

26. Defendant's attempted filing received November 14, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Writ of Subpoena[sic] Duces Tecum (In Re: Randall Cavanaugh[)]."

27. Defendant's attempted filing received November 18, 2022, does not comply with Docket 167. The attempted filing contains profanity. The Court disapproves and denies the docketing of "Petition to Court/AUSA to Show Cause Why No Response on Issues Re: AUSA Document Tampering, Etc."

28. Defendant's attempted filing received November 18, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Motion for Reconsideration of 2021 28 USC 2255 Motion Based on New Developments (Forged Docs). Request for Attorney."[6]

29. Defendant's attempted filing received December 18, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Request to Screen AUSA ((Walker) (Defendant in Another Case))."

30. Defendant's attempted filing received December 19, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Petition for Judicial Reconsideration of 2255 Motion by Alternative Counsel."[7]

---

[6] The Court declines to reconsider its Order at Docket 126. Local Civil Rule 47.1(g); 28 U.S.C. § 2255(h).

[7] The Court declines to reconsider its Orders at Dockets 126 and 204. Local Civil Rule 47.1(g); 28 U.S.C. § 2255(h).

31. Defendant's attempted filing received December 19, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Motion for Magistrate to Make Determination on 2255 Reconsideration."

32. Defendant's attempted filing received December 19, 2022, does not comply with Docket 167. The Court disapproves and denies the docketing of "Petition for Review: Re: Court Violations of Procedural + Due Process."

33. Defendant's attempted filing received January 3, 2023, does not comply with Docket 167. The Court disapproves and denies the docketing of "Request to Reopen Case on 2255 Temporarily Under 60(b)(6) for Cause."

34. Defendant's attempted filing received January 13, 2023, does not comply with Docket 167. The Court disapproves and denies the docketing of "Petition to Reopen Case Under Fed. R. Civ. P. 60(b) and (b)(6) and Set Aside Judgment Based on Evidentiary Misconduct/Alter."

Defendant's attempted filings are extensive and voluminous. Defendant refuses to abide by the Court's Order at Docket 167, despite repeated warnings from the Court. Defendant's last thirty-four attempted filings demonstrate an inability to follow simple guidance, a lack of respect for efficient docket management, and a failure to present meritorious issues for the Court's adjudication. Defendant's attempted filings range from the procedurally defective to the purposefully belligerent. All of these filings are frivolous.

Beyond the frivolity of these attempted filings, Defendant demonstrates an unflagging intent of malicious harassment of the parties to this litigation—the attorneys, the witnesses, the victims of his crimes, and the Court itself. Defendant, after knowingly

*United States v. Haapaniemi* Case No. 3:19-cr-00078-RRB
Order Regarding Attempted Filings Page 8
Case 3:19-cr-00078-RRB-MMS    Document 212    Filed 01/27/23    Page 8 of 10

and voluntarily entering a guilty plea, refuses to accept responsibility for his criminal actions. Instead, he levies a barrage of revisionist theories, manipulative requests, and virulent tirades. Regardless of Defendant's ideas or opinions, he pleaded guilty to federal crimes, this Court sentenced him, and now he must face those consequences. The Court cannot and will not entertain extraneous, unsupported, and procedurally defective motions, petitions, writs, or correspondence.

Lastly, Defendant's filings continue to use profane, hostile, and derogatory language. This ire has been directed at the Court, at attorneys, witnesses and victims involved with his criminal proceedings, as well as the Bureau of Prisons, U.S. Probation, the State of Arizona, and the United States of America, generally. Defendant frequently references the facts of *Cohen v. California*, 403 U.S. 15 (1971), as a justification for his inappropriate language. However, the First Amendment does not entitle him to use the public docket of this case for a platform for his abuse. While Defendant may repeatedly cite to the canon of construction that instructs courts to interpret pro se filings with leniency, no canon excuses such behavior.

The Court has rejected over seventy of Defendant's attempted filings for non-compliance. The Court gave warnings to Defendant at Dockets 167, 191, 192, 195, and 198 that his repeated inappropriate filings could result in further restrictions.

Accordingly, in the interest of justice to the parties of this case, other litigants before this Court, and for judicial economy, the Court will no longer respond to Defendant's attempted filings.

**IT IS THEREFORE ORDERED:**

1. The Clerk of Court shall submit any attempted filings from Defendant directly to Chambers.

2. The Court shall review the filings. However, no response or acknowledgment will be issued.

3. In the event the Ninth Circuit Court of Appeals grants leave for Defendant to file a second or successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in accordance with 28 U.S.C. § 2255(h), the Court will direct the Clerk of Court to docket the appropriate motion.

4. Defendant is advised that any mail received that expresses an intent to violate the conditions of his release will be forwarded to the U.S. Probation Office.

5. Defendant is further advised that any mail received from Defendant containing threats to the safety of others or the Court will be forwarded to the appropriate law enforcement entities.

IT IS SO ORDERED this 27th day of January, 2023, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

*United States v. Haapaniemi*  Case No. 3:19-cr-00078-RRB
Order Regarding Attempted Filings  Page 10
Case 3:19-cr-00078-RRB-MMS   Document 212   Filed 01/27/23   Page 10 of 10