IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>BJØRN ERIK HAAPANIEMI, f/k/a PETER LEE NORRIS, f/k/a PETER LEE BJØRN NÖRRIS,<br><br>        Defendant. | Case No. 3:19-cr-00078-RRB<br><br>**ORDER** |

        Before the Court are various motions filed by the Defendant at Dockets 218, 219, 220, and 221. These filings do not comply with the Order at Docket 167. However, the Court permitted their docketing to briefly address Mr. Haapaniemi's voluminous immigration-related requests. In brief summary, Mr. Haapaniemi requests this Court amend its criminal judgment, adjudicate Mr. Haapaniemi as a deportable alien, and facilitate expedited removal.[1] He also requests the Court appoint him a specific attorney from the Federal Public Defender.[2]

        A federal district court has "jurisdiction to enter a judicial order of removal at the time of sentencing against an alien who is deportable, if such an order has been requested by the United States Attorney with the concurrence of the Commissioner and if

---

[1] *See* Dockets 219 at 1, 220 at 9, and 221 at 12–13.
[2] Docket 221 at 1.

the court chooses to exercise such jurisdiction."[3] The United States Attorney did not request a removal order at the time of Mr. Haapaniemi's sentencing.[4]

Title 8 United States Code, section 1228(a)(1) states that the "Attorney General shall provide for the availability of special removal proceedings at certain Federal, State, and local correctional facilities for aliens convicted of any criminal offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D)." The special removal proceedings must be "conducted in conformity with section 1229a of this title."[5] Section 1229a requires that an immigration judge conducts proceedings on the deportability of an alien.[6] Further, section 1229a is the "sole and exclusive procedure for determining whether an alien may be admitted . . . or removed from the United States."[7] Section 1229a does address stipulated removals, but such a stipulation must be presented to and then ordered by an immigration judge.[8]

To the extent that the Court had discretionary jurisdiction on this issue at the time of sentencing, it was not raised and not exercised. This Court does not have jurisdiction over Mr. Haapaniemi's requests. In order to gain the removal order he seeks, he must be brought before an immigration judge at the discretion of the United States Attorney General. Mr. Haapaniemi's request for counsel fails due to the lack of jurisdiction. Further, the right to counsel in a removal proceeding is governed by 8 U.S.C.

---

[3] 8 U.S.C. § 1228(c)(1).
[4] *See* Dockets 84 (SEALED), 90, 91 (SEALED), 101, 188.
[5] 8 U.S.C. § 1228(a)(1).
[6] 8 U.S.C. § 1229a(a).
[7] 8 U.S.C. § 1229a(a)(3).
[8] 8 U.S.C.§ 1229a(d).

*United States v. Haapaniemi*  Case No. 3:19-cr-00078-RRB
Order  Page 2
Case 3:19-cr-00078-RRB-MMS   Document 228   Filed 11/02/23   Page 2 of 3

§ 1362[9] and 8 U.S.C. § 1228,[10] if the removal is expedited. While an individual is entitled to obtain counsel, because of the liberty interest implicated by a removal proceeding, an attorney is not provided or appointed at government expense.[11]

Accordingly, the motions at Dockets 218, 219, 220, and 221 are **DENIED**. The Court will not entertain any further motions, writings, filings, proposals, or correspondence on this issue.

IT IS SO ORDERED this 2nd day of November, 2023, at Anchorage, Alaska.

               */s/ Ralph R. Beistline*
               RALPH R. BEISTLINE
               Senior United States District Judge

---

[9] "In any removal proceedings before an immigration judge and in any appeal proceedings before the Attorney General from any such removal proceedings, the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose."

[10] "With respect to an alien convicted of an aggravated felony who is taken into custody by the Attorney General pursuant to section 1226(c) of this title, the Attorney General shall, to the maximum extent practicable, detain any such felon at a facility at which other such aliens are detained. In the selection of such facility, the Attorney General shall make reasonable efforts to ensure that the alien's access to counsel and right to counsel under section 1362 of this title are not impaired."

[11] *See Baltazar-Alcazar v. I.N.S.*, 386 F.3d 940, 444 (9th Cir. 2004).

*United States v. Haapaniemi*           Case No. 3:19-cr-00078-RRB
Order                            Page 3

Case 3:19-cr-00078-RRB-MMS   Document 228   Filed 11/02/23   Page 3 of 3